UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| vs. | § CRIMINAL NO. 16-CR-0089-S |
| | § |
| CHUDY NSOBUNDU | § |
| and SANDRA NSOBUNDU | § |

SUPERSEDING CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

*Introduction*

At all times relevant to this Indictment:

1. Defendant Chudy Nsobundu is a naturalized United States citizen, originally from Nigeria. He owns a residence in Katy, Texas.

2. Defendant Sandra Nsobundu is married to Chudy Nsobundu. She is also a naturalized United States citizen, originally from Nigeria. She owns a residence in Katy, Texas along with Chudy Nsobundu.

3. From on or between September 29, 2013 and October 10, 2015, Defendants Chudy Nsobundu and Sandra Nsobundu employed a woman identified as A.E., who was a citizen of Nigeria, to serve as a housemaid and nanny at their residence.

4. Citizens of certain foreign countries who seek admission to the United States are required by United States law to obtain a visa prior to entry. The application must contain true and accurate information. United States visas are issued by the U.S. Department of State.

5. Employers of foreign nationals who work on American soil are subject to American laws.

## COUNT 1
### Conspiracy to Commit Forced Labor and Unlawful Conduct with Respect to Documents in Furtherance of Forced Labor
### Title 18, United States Code, Sections 1594(b), 1589 and 1592

### A. THE CONSPIRACY AND ITS OBJECTS

6. Paragraphs 1 through 5 of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

7. From on or about September 29, 2013, through on or about October 10, 2015, in the Houston Division of the Southern District of Texas, and elsewhere,

### CHUDY NSOBUNDU and
### SANDRA NSOBUNDU

Defendants herein, did knowingly and unlawfully combine, conspire, and agree with each other and persons known and unknown to the Grand Jury to commit an offense against the United States, namely to commit the crime of Forced Labor, in violation of Title 18, United States Code, Section 1589, and to commit the crime of Unlawful Conduct with Respect to Documents in Furtherance of Forced Labor, in violation of Title 18 United States Code, Sections 1594(b), 1589 and 1592.

### B. THE MANNER AND MEANS OF THE CONSPIRACY

8. The purpose of the conspiracy was to obtain the labor and services of victim A.E. and thereby ensure that, for less than the minimum wage, the defendants enjoyed the consistent labor and services of a live-in housemaid and nanny to care for their five children. To keep custody and control over victim A.E., defendants unlawfully withheld her immigration documents. The manner and means by which the conspirators conducted the conspiracy included the following:

    a. The Defendants sought to hire an unsophisticated uneducated woman from Nigeria, to wit, victim A.E.

    b. The Defendants exercised control over and isolated victim A.E. by requiring her to

2

sleep on the floor in the room of the two youngest children in the Defendants' residence.

c. The Defendants paid victim A.E. less than the amounts stated in the written employment contract, paid less than the minimum and prevailing wage for comparable work, and never paid additional wages for overtime work.

d. To obtain a U.S. visa for victim A.E., the defendants caused a false application to be submitted to the United States Department of State.

e. The Defendants induced, instructed, solicited, and encouraged victim A.E. to apply for and obtain a United States visa.

f. The Defendants imposed rules and requirements on victim A.E. in an effort to exercise control over her, isolate her, and prevent her from making friends and obtaining assistance from anyone who might have helped her escape from the Defendants, such as:

> (1) Requiring that victim A.E. work seven days a week, approximately nineteen and a half hours a day, from 5:30 a.m. to 1:00 a.m.;
>
> (2) Imposing a rule that victim A.E. was never allowed to use the telephone;
>
> (3) Imposing a rule that victim A.E. was only permitted to walk around the neighborhood with the two youngest children twice a day;
>
> (4) Refusing to provide any medical care to victim A.E;
>
> (5) Refusing to allow victim A.E. to attend church on a regular basis; and
>
> (6) Refusing to allow victim A.E. to bathe herself with warm water.

g. The Defendants would exercise control over victim A.E., and thereby compel victim A.E. to remain with the Defendants, by means of force and threats of force, which included both physical and mental abuse.

h. The Defendants would exercise control over victim A.E., and thereby compel

3

victim A.E. to remain with the Defendants, by confiscating and retaining possession of victim A.E.'s passport and U.S. visa.

C.     **OVERT ACTS**

9.     In furtherance of the conspiracy and to effect the objects thereof, Defendants and their co-conspirators knowingly performed and caused to be performed overt acts in the Southern District of Texas and elsewhere. These acts include, but are not limited to, the following:

a. In or around September 2013, Defendants paid to transport victim A.E. from Nigeria to the U.S.

b. On or about September 29, 2013, Defendants transported victim A.E. from an airport and transported her to the Defendants' home in Katy, Texas.

c. On or about September 29, 2013, Defendants took possession of victim A.E.'s Nigerian passport and visa and retained possession of it. Throughout the period she worked for Defendants, victim A.E. was not permitted to have her passport or visa.

d. On or about September 29, 2013, Defendants took possession of all of victim A.E.'s clothing and possessions and threw the items away or otherwise deprived victim A.E. of access to her personal belongings.

e. From on or about September 29, 2013 through October 10, 2015, Defendants required A.E. to work at least nineteen and a half hours a day, typically between 5:30 am and 1:00 am, seven days a week, with no days off, performing such tasks as cleaning Defendants' home, cooking for Defendants and their family, and caring for Defendants' five children.

f. Throughout the period she worked for Defendants, Defendants would frequently yell at, scold, and berate A.E. for, among other things, moving too slowly or failing to care for the children in the exact manner Defendants wanted the children cared for.

4

g. Throughout the period she worked for Defendants, Defendants would refer to A.E. as "the idiot."

h. Throughout the period she worked for Defendants, Defendants never provided victim A.E. with a room or bed to sleep in. Instead she was told to sleep on the floor between the beds of the two youngest children.

i. Throughout the period she worked for Defendants, Defendants did not permit her to sit down, watch television, or take a break.

j. Throughout the period she worked for Defendants, victim A.E. was subject to physical abuse. She was regularly slapped or hit on the back of the neck one to two times a week by Defendants. On some occasions, victim A.E. was hit with a closed fist on her back and arms.

k. Throughout the period she worked for Defendants, Defendants threatened to send victim A.E. back to Nigeria if she did not comply with their demands.

l. Throughout the period she worked for the Defendants, victim A.E. was not permitted to eat fresh food. She was only permitted to eat the leftovers from previously prepared meals. If victim A.E. wanted milk for her tea, she was required to strain the leftover milk out of the children's cereal bowls.

m. Throughout the period she worked for the Defendants, victim A.E. was not permitted to use hot water to bathe.

n. Throughout the period she worked for the Defendants, victim A.E. was not permitted to go and get her haircut. Instead, she wore her hair in a stocking.

o. Throughout the period she worked for the Defendants, victim A.E.'s movement was restricted to the residence or two short walks per day around the block with the children.

p. Throughout the period she worked for the Defendants, victim A.E. was never

5

permitted to see a doctor. Victim A.E.'s left arm had been previously broken while she was in Nigeria. Because the arm was never set correctly, it never healed correctly. The Defendants had promised victim A.E. that they would get her medical treatment for her arm, but such treatment was never given.

q. Throughout the period she worked for the Defendants, victim A.E. was not permitted access to a telephone.

r. Throughout the period she worked for the Defendants, Defendants never paid her. Prior to coming to America, Defendants and victim A.E. executed a contract wherein Defendants agreed to pay victim A.E. 20,000 Nigerian nairas (approximately $100 US dollars) per month for the care of two children.

In violation of Title 18, United States Code, Sections 1594(b), 1589 and 1592.

## COUNT TWO
### Forced Labor and Attempted Forced Labor
### 18 U.S.C. Sections 1589, 1594(a) and 2

10. Paragraphs 1 through 9 of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

11. From on or about September 29, 2013, through on or about October 10, 2015, in the Houston Division of the Southern District of Texas, and elsewhere,

### CHUDY NSOBUNDU and
### SANDRA NSOBUNDU

Defendants herein, aiding and abetting one another, did knowingly attempt to provide and obtain, and did knowingly provide and obtain, the labor and services of a person, namely A.E., by force, threats of force, threats of serious harm to, and physical restraint against A.E., by means of any scheme, plan, and pattern intended to cause A.E. to believe that if A.E. did not

perform such labor and services, that A.E. would suffer serious harm and physical restraint, and by means of abuse and threatened abuse of law and legal process.

In violation of Title 18, United States Code, Section 1589, 1594(a) and 2.

### COUNT 3
### Unlawful Conduct with Respect to Documents in Furtherance of Forced Labor
### Title 18, United States Code Sections 1592 and 2

12. Paragraphs 1 through 11 of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

13. From on or about September 29, 2013, through on or about October 10, 2015, in the Houston Division of the Southern District of Texas, and elsewhere,

### CHUDY NSOBUNDU and
### SANDRA NSOBUNDU

Defendants herein, aiding and abetting one another, attempted to and did knowingly conceal, remove, confiscate, and possess the actual and purported passport and other immigration documents of victim A.E., in the course of a violation and with the intent to violate Title 18, United States Code, Section 1589, and to prevent and restrict and attempt to prevent and restrict, without lawful authority, the liberty to move and travel of victim A.E., in order to maintain the labor and services of A.E.

In violation of Title 18 U.S.C. Sections 1592 and 2.

### COUNT 4
### Visa Fraud
### Title 18, United States Code, Sections 1546 and 2

14. Paragraphs 1 through 13 of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

15. From on or about September 29, 2013, through on or about October 10, 2015, in the

Houston Division of the Southern District of Texas, and elsewhere,

**CHUDY NSOBUNDU and
SANDRA NSOBUNDU**

Defendants herein, aiding and abetting one another, did knowingly and willfully aid, abet, counsel, command, induce, and procure another person to utter, use, attempt to use, possess, obtain, accept, and receive an non-immigrant visa, namely a B2 tourist visa, for entry into the United States and as evidence of authorized stay and employment in the United States, knowing that the B2 visa had been procured by means of false claims and statements, and to have been otherwise procured by fraud and unlawfully obtained for victim A.E., to wit, false representations were made regarding victim A.E.'s age, purpose of her trip, marital status, and relatives.

In violation of Title 18 U.S.C. Sections 1546 & 2.

## COUNT 5
### Harboring and Inducing an Alien to Come to the United States
### Title 8, United States Code, Sections 1324(a)(1)(A)(iii),(iv) & (B)(i)

16. Paragraphs 1 through 15 of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

17. From on or about September 29, 2013, through on or about October 10, 2015, in the Houston Division of the Southern District of Texas, and elsewhere,

**CHUDY NSOBUNDU and
SANDRA NSOBUNDU**

Defendants herein, aiding and abetting one another, for purposes of commercial advantage and private financial gain, did (1) conceal, harbor, and shield from detection, and attempted to conceal, harbor, and shield from detection, an alien, victim A.E., in the Defendants' house, knowing and in reckless disregard of the fact that victim A.E. had come to, entered, and

8

remained in the United States in violation of law; and did (2) encourage and induce an alien, victim A.E., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (iv), and (B)(i), and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE
Title 18, United States Code, Section § 1594(d)

Pursuant to Title 18, United States Code, Section 1594(d), the United States of America gives notice to the Defendants,

**CHUDY NSOBUNDU and
SANDRA NSOBUNDU**

that upon their conviction of any of Counts 1 through 3, the following is subject to forfeiture:

(1) all property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and

(2) all property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

## NOTICE OF CRIMINAL FORFEITURE
Title 18, United States Code, Section § 982(a)(6)

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States of America gives notice to the Defendants,

**CHUDY NSOBUNDU and
SANDRA NSOBUNDU**

that upon their conviction of any of Counts 4 through 5, the following is subject to forfeiture:

(i) all conveyances, including any vessel, vehicle, or aircraft, used in the commission of the offense; and

(ii) all property real or personal—

(I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or

(II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

## NOTICE OF CRIMINAL FORFEITURE
Title 8, United States Code, Section § 1324(b)

Pursuant to Title 8, United States Code, Section 1324(b), the United States of America gives notice to the Defendants,

**CHUDY NSOBUNDU and
SANDRA NSOBUNDU**

that upon their conviction of Count 5, the following is subject to forfeiture:

All conveyances, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the violation, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

### Specific Property to be Forfeited

The property subject to forfeiture includes, but is not limited to, the following real property:

the Defendants' residence in Katy, Texas, together with all improvements, buildings, structures and appurtenances, and legally described as follows:

LOT ELEVEN (11) IN BLOCK TWO (2) OF CANYON GATE CINCO RANCH, SECTION SEVEN (7), AN ADDITION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN SLIDE NO(S) 1953/A AND 1953/B OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.

### Money Judgment

The Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the Defendants may be jointly and severally liable.

### Substitute Assets

The Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a Defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

KENNETH MAGIDSON
United States Attorney

By: _____
Julie N. Searle
Assistant United States Attorney
713.567.9438

By: _____
Ruben R. Perez
Assistant United States Attorney
713.567.9344

12